**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ANDRE BING JACKSON, : | |
| : | |
| Petitioner, : | Civil Action No. 19-13583 (MAS) |
| : | |
| v. : | **OPINION** |
| PATRICK NOGAN, et al., : | |
| : | |
| Respondents. : | |

**SHIPP, District Judge**

This matter comes before the Court on Petitioner Andre Bing Jackson's Amended Petition for a Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254. (Am. Pet., ECF No. 3.) Previously, after reviewing the Amended Petition, this Court ordered Petitioner to show cause as to why the matter should not be dismissed as untimely. (Memorandum and Order, Jul. 23, 2020, ECF No. 5.) Petitioner filed a response arguing that that he was entitled to equitable tolling and setting forth a claim of actual innocence. (Pet'r's Resp., ECF No. 6.) For the reasons stated herein, the Amended Petition is denied as time barred.

**I.   LEGAL STANDARD**

Under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rule 4"), district courts are permitted to summarily dismiss a petition for habeas relief "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." *See also McFarland v. Scott*, 512 U.S. 849, 856 (1994) ("Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face."). "Dismissal without the filing of an answer is warranted if it appears on the face of the petition that

petitioner is not entitled to relief." *Bilal v. Att'y Gen. of N.J.*, No. 15-1765, 2017 WL 1243143, at *1 (D.N.J. Feb. 10, 2017) (internal citation and quotation marks omitted).

## II. DISCUSSION

### A. Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") requires that "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). In most cases, the one-year period begins on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Based upon the statutory language, the United States Supreme Court held that even when a defendant does not file a petition for certiorari with the Supreme Court on direct review, the AEDPA one-year limitations period starts to run when the time for seeking such review expires. *Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012); *Gibbs v. Goodwin*, No. 09-1046, 2009 WL 1307449, at *2 (D.N.J. May 1, 2009) (explaining that the period of direct review "include[s] the 90-day period for filing a petition for writ of certiorari in the United States Supreme Court" (citing *Swartz v. Meyers*, 204 F.3d 417, 419 (3d Cir. 2000))). The AEDPA also provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). That is, a petitioner's AEDPA limitations period would be statutorily tolled during the pendency of any state application for post-conviction relief ("PCR").

Here, Petitioner received his judgment of conviction on February 22, 2006. (Am. Pet. 2.)[1] Petitioner did not file a direct appeal of his conviction and sentence until June 17, 2008, more than two years after his judgment of conviction was entered. (*Id.* at 14.) This delay in the filing of his direct appeal, however, did not affect the AEDPA limitations period. *See Peoples v. Johnson*, No. 17-5460, 2018 WL 2422018, at *2 (D.N.J. May 29, 2018) (noting that "delays during direct appeal have no relevance to the determination of whether a federal habeas petition is timely, because the AEDPA statute of limitations does not begin to run until the judgment of conviction becomes 'final'—that is, when the entire direct appeal concludes") (citing *Jimenez*, 555 U.S. at 121). It appears that Petitioner's out-of-time appeal was accepted by the Superior Court of New Jersey, Appellate Division, and ultimately denied on the merits on March 17, 2010. (Am. Pet. 14.) Petitioner then filed a petition for certification with the New Jersey Supreme Court, which was denied on September 7, 2011. (*Id.*) Petitioner thereafter had 90 days in which to file a petition for a writ of certiorari to the United States Supreme Court, but he does not appear to have done so. Accordingly, the 90 days expired on December 6, 2011, after which the AEDPA's one-year statute of limitations period began to run. *See Thompson v. Adm'r New Jersey State Prison*, 701 F. App'x 118, 122 (3d Cir. 2017).

Petitioner filed a timely petition for post-conviction relief ("PCR Petition") in the Superior Court of New Jersey, Law Division on November 21, 2011, before his conviction became final for the purposes of the AEDPA.[2] (Law Div. Op. 6.) Thus, the limitations period was immediately

---

[1] Page numbers for all citations to the docket refer to the page numbers on the ECF header.

[2] Petitioner alleges that the PCR Petition was filed on September 21, 2011. (Am. Pet. 14–15.) However, the Law Division's decision denying the PCR Petition states that it was properly filed on November 21, 2011. (Law Div. Op., Oct. 18, 2013, ECF No. 3-5 at 6.) The Court will use the date provided by the Law Division for the purposes of its timeliness analysis.

statutorily tolled because there was already pending a properly filed petition for post-conviction relief. *See* § 2244(d)(2). The Superior Court denied the PCR Petition on October 18, 2013. (Am. Pet. 15; Law Div. Op. 1.) It appears that Petitioner appealed to the Appellate Division, but it is unclear *when* that appeal was filed. (*See* Am. Pet. 15.) Although Petitioner states that he immediately requested that an appeal be filed, he does not provide the date on which it was actually filed. Regardless, it appears from the exhibits filed with the Amended Petition that the Appellate Division denied the appeal on December 15, 2015. (Welaj Correspondence, ECF No. 3-7.)[3] Petitioner thereafter filed a petition for certification with the New Jersey Supreme Court. (Am. Pet. 15.) The New Jersey Supreme Court denied the petition on February 17, 2016, *State v. Bing-Jackson*, 130 A.2d 1249 (N.J. 2016),[4] at which time the AEDPA's statute of limitations period was no longer tolled and began to run. However, Petitioner did not file the instant § 2254 action until June 4, 2019, more three years later.[5] (Pet., ECF No. 1, at 16.) Thus, assuming that the statute of limitations was statutorily tolled for the entire period of November 21, 2011 to February 17, 2016, it appears that Petitioner's § 2254 was filed well outside of the AEDPA's one-year

---

[3] In the Petition, Petitioner alleges that the Appellate Division denied his appeal on October 31, 2014. (Am. Pet. 15.) However, it appears the Appellate Division issued its opinion denying Petitioner's appeal on December 15, 2015. (*See* Welaj Correspondence 1); *see also State v. Bing-Jackson*, No. A-4306-13T2, 2015 WL 8682510 (N.J. Super. Ct. App. Div. Dec. 15, 2015).

[4] Petitioner states only that his petition for certification of his PCR Petition was denied in "2016." The Court takes judicial notice of the fact that the order denying the petition was issued on February 17, 2016. *See Johnson v. Shartle*, No. 15-1100, 2015 WL 790538, at *1 n.1 (D.N.J. Feb. 25, 2015) (taking judicial notice of previously filed petition for relief under 28 U.S.C. § 2241); *Pahutski v. Kirby*, No. 14-270J, 2015 WL 456939, at *1 (W.D. Pa. Jan. 9 2015) ("In addition to ordering court records and/or opinions, a federal habeas court may, under Rule 4, take judicial notice of those court records, dockets and/or court opinions as well as its own records.").

[5] A *pro se* prisoner's petition for habeas relief "is deemed filed on the date it is given to prison officials for mailing." *Jenkins v. Superintendent of Laurel Highlands*, 705 F.3d 80, 84 n.2 (3d Cir. 2013) (quoting *Pabon v. Mahoney*, 654 F.3d 385, 391 n.8 (3d Cir. 2011)).

limitations period.

      **B.**      **Equitable Tolling and Actual Innocence**

Even if the statutory bar has passed, a petitioner may overcome the statute of limitations if he can show a basis for equitable tolling or if he demonstrates actual innocence. *See Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005) (providing standard for equitable tolling in habeas petitions); *see also McQuiggin v. Perkins*, 569 U.S. 383, 393 (2013) (recognizing that "a credible showing of actual innocence may allow a prisoner to pursue his constitutional claims . . . on the merits notwithstanding the existence of a procedural bar to relief."). Therefore, after the Court reviewed the Amended Petition and determined that it appeared untimely, the Court issued a Memorandum and Order informing Petitioner of this fact and providing him the opportunity to present arguments as to why the statute of limitations should be excused or equitably tolled, or to raise any other argument as appropriate with regard to the timeliness of the petition. (*See generally* Memorandum and Order.) Petitioner filed a response arguing that his case should not be barred because he is innocent and has been "fighting this case for a long time." (Pet'r's Resp. 1.) Petitioner did not provide further elaboration. (*See generally id.*) The Court notes, however, that the Amended Petition includes information pertinent to equitable tolling that was not included in Petitioner's response to the Court's Memorandum and Order. Specifically, the Amended Petition states that since 2016, Petitioner sought assistance from inmate paralegals, the office of the public defender, and former defense counsel to file his habeas petition, as well as a second PCR petition in state court. (Am. Pet. 15.) It was not until 2019, however, that he finally received assistance from an inmate paralegal and filed the instant habeas action. (*Id.*) Accordingly, the Court liberally construes Petitioner's filings as raising both an argument for equitable tolling, as well as a claim of actual innocence.

*i.     Equitable Tolling*

"Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace*, 544 U.S. at 418. Extraordinary circumstances permitting equitable tolling include: "(1) the petitioner has been actively misled; (2) the petitioner has been prevented from asserting his rights in some extraordinary way; (3) the petitioner timely asserted his rights in the wrong forum, … or (4) the court has misled a party regarding the steps that the party needs to take to preserve a claim." *Gibbs v. Goodwin*, No. 09-1046, 2009 WL 1307449, at *3 (D.N.J. May 1, 2009) (citing *Brinson v. Vaughn*, 398 F.3d 225, 230 (3d Cir. 2005); *Jones v. Morton*, 195 F.3d 153, 159 (3d Cir. 1999)). The petitioner is required to exercise reasonable diligence both during the filing of the federal habeas petition and during the period petitioner is exhausting state court remedies. *Ross v. Varano*, 712 F.3d 784, 799 (3d Cir. 2013). "The fact that a petitioner is proceeding pro se does not insulate him from the 'reasonable diligence' inquiry and his lack of legal knowledge or legal training does not alone justify equitable tolling." *Id*. at 799–800 (citation omitted).

Here, Petitioner has failed to show that he exercised reasonable diligence or that extraordinary circumstances prevented him from asserting his rights. Petitioner appears to have been diligent in pursuing his state court remedies. *See LaCava v. Kyler*, 398 F.3d 271, 277 (3d Cir. 2005) (stating that the diligence requirement extends to both state and federal remedies). However, after the New Jersey Supreme Court denied his petition for certification of his PCR, Petitioner waited over three years to file his habeas petition. Petitioner states that, during that time, he sought assistance from the office of the public defender and two of his former attorneys. (Am. Pet. 15.) However, those attorneys either did not respond to him or informed him they were unable

6

to provide assistance. (*Id.*) Petitioner states that it was not until 2019 that he finally received aid from an inmate paralegal and subsequently submitted his habeas petition. (*Id.*) Yet, as previously stated, a petitioner's lack of legal knowledge or training does not justify equitable tolling. *See Ross*, 712 F.3d at 799–800. The fact that a petitioner is proceeding pro se "does not insulate him from the 'reasonable diligence' inquiry[.]" *Id.* (citation omitted); *see also Kim v. Cameron*, No. 14-5320, 2016 WL 1623426, at *4 (E.D. Pa. Apr. 25, 2016) ("That Petitioner proceeded pro se and has limited knowledge of the law does not merit equitable tolling."); *Robles v. Warren*, No. 12-6037 PGS, 2013 WL 5718458, at *4 (D.N.J. Oct. 18, 2013) (stating that "one's pro se status does not excuse a late filing under AEDPA."); *Ayers v. Phelps*, 723 F. Supp. 2d 718, 722 (D. Del. 2010) ("a petitioner's lack of legal knowledge [. . .] does not constitute an extraordinary circumstance triggering equitable tolling.") Petitioner fails to explain why he was unable to file even "a basic habeas petition" absent assistance. *Brown v. Shannon*, 322 F.3d 768, 774 (3d Cir. 2003) (finding that after counsel withdrew his representation, "there was nearly one month left in the limitation period-time enough for [petitioner], acting with reasonable diligence, to prepare and file at least a basic pro se habeas petition.") Thus, to the extent that Petitioner is alleging his inability to secure legal representation prevented him from timely filing his habeas petition, that argument is insufficient to demonstrate reasonable diligence or extraordinary circumstances.

        ii.       *Actual Innocence*

Petitioner also alleges actual innocence, a claim which, if proven, would permit him to overcome AEDPA's statute of limitations. *See McQuiggin*, 569 U.S. at 386 (holding that actual innocence "serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar . . . or . . . expiration of the statute of limitations"). In order to "qualify for this exception, the petitioner must present new, reliable evidence showing that it is more likely than

not that no reasonable juror would have voted to convict him." *Reeves v. Fayette SCI*, 897 F.3d 154, 157 (3d Cir. 2018), *as amended* (July 25, 2018), *cert. denied sub nom. State Corr. Inst. at Fayette v. Reeves*, 139 S. Ct. 2713, 204 L. Ed. 2d 1123 (2019) (citing *Schlup v. Delo*, 513 U.S. 298, 324, 329 (1995)). Importantly, "[t]he gateway actual innocence standard is 'demanding' and satisfied only in the 'rare' and 'extraordinary' case where 'a petition presents evidence of innocence so strong that a court cannot have confidence in the outcome of the trial.'" *Id.* at 161 (quoting *McQuiggin*, 569 U.S. at 386, 392, 401).

Here, Petitioner fails to indicate the basis for his claim of actual innocence. (*See generally* Pet'r's Resp.) He only baldly asserts that he is innocent. (*Id.* at 1–2.) Even a review of the Amended Petition does not provide any mention of new evidence. (*See generally* Am. Pet.) Petitioner's claims are based solely upon errors of the trial court and ineffective assistance of counsel. (*Id.* at 6–11.) Absent additional information, Petitioner is unable to demonstrate a claim of actual innocence that would permit him to bypass the AEDPA's statute of limitations. Accordingly, Petitioner has not established that he is entitled to equitable tolling or the actual innocence exception.

### III. CERTIFICATE OF APPEALABILITY

The Court denies a certificate of appealability. Under 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254. A certificate of appealability ("COA") may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could

conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citation omitted).

> When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Here, jurists of reason would not find it debatable whether this Court is correct in its procedural ruling. Therefore, no certificate of appealability shall issue.

## IV. CONCLUSION

For the reasons set forth above, the Amended Petition is denied as untimely. An appropriate order follows.

Dated: 9/10/20

**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**